1  BART M. BOTTA, State Bar No. 167051
   MARION I. QUESENBERY, State Bar No. 072308
2  RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660-2423
4  Telephone: (949) 752-2911
5  bart@rjlaw.com

6  Attorneys for Plaintiff
7  BROERS FARMS, INC.

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

C 07 - 2865   PJH

| | |
|---|---|
| BROERS FARMS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOWLER PRODUCTS, a California corporation; CIAO BELLA GELATO CO., INC., a New Jersey Corporation; DOUGLAS IAN STEWART, an individual,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br><br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **UNJUST ENRICHMENT; and**<br>5. **CONSTRUCTIVE TRUST**<br><br>**JURY DEMAND** |

Plaintiff, BROERS FARMS, INC. ("Broers"), complains and alleges as follows:

# I.

## JURISDICTION AND VENUE

1.  This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2.  Plaintiff Broers is now and at all times material herein was a corporation organized and doing business under the laws of the State of Washington, with its principal place of business in the City of Monroe, State of Washington.

3.  Plaintiff is informed and believes and thereon alleges that Defendant HOWLER PRODUCTS ("Howler") is a corporation having its principal place of business located in the City of San Francisco, State of California.

4.  Plaintiff is informed and believes and thereon alleges that Defendant CIAO BELLA GELATO CO., INC. ("Ciao Bella") is a corporation having its principal place of business located in the City of Irvington, State of New Jersey and also in the City of San Francisco, State of California.

5.  Plaintiff is informed and believes and thereon alleges that Defendant DOUGLAS IAN STEWART ("Stewart") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant Howler and who maintains a residence located within the jurisdictional boundaries of this Court.

6.  Plaintiff is informed and believes and thereon alleges that Stewart, the individual defendant, is and at all times material herein was, an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during all times relevant herein was responsible for the daily management and control of Howler, and who is and during relevant times herein was a statutory trustee under PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

////
////

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

7.  Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 inclusive, of this Complaint as though fully set forth herein.

8.  At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or brokers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

9.  Between on or about June 3, 2003 and October 15, 2003, in a series of transactions, Broers sold and shipped perishable agricultural commodities to Defendant Howler at said Defendant's request, made by and through Defendant Stewart, for which Defendant Howler agreed to pay Broers in amounts at least as great as the sum of $15,070.05.

10. Plaintiff is informed and believes and thereon alleges there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants Howler and Ciao Bella such that any individuality and separateness between said Defendants have ceased, and said Defendants are alter-egos one of the other in that, among other things:

   A.  Defendant Howler at all times material herein operated its business at the location of 2211 Quesada Avenue, San Francisco, CA 94124, and maintained an active status with the California Secretary of State at that address. Defendant Ciao Bella also at all times material herein operated its business at the same address and stated on its website that the address is one of its production facilities able to ship both Howler and Ciao Bella products to its customers. Ciao Bella also lists this same address as one of three corporate offices where its customers may direct inquiries;

B. Defendant Ciao Bella had a copy of a Press Release on its website reporting that it acquired the food service business of its former competitor, Howler. The Press Release is dated January 2003 and references that Ciao Bella acquired Howler in September (2002). The Press Release also quotes an officer as saying "Now we can distribute our product and theirs – we had been competitors for the past six years, and now we've decided it made more sense to get together";

C. Defendant Ciao Bella advertises on its website that it is the exclusive distributor of Howler's products to the food service trade, that Ciao Bella acquired licensing rights in 2002 to Howler and through its relationship with Howler is able to offer its customers organic products as well as the flavors developed by Howler; and

D. Defendant Howler has commingled funds with funds of Defendant Ciao Bella.

11. Adherence to the fiction of the separate existence of the defendant corporations as entities distinct one from the other would permit an abuse of the corporate privilege and would promote injustice.

12. At or about the date of each transaction described above, Broers forwarded to Defendant Howler written invoices for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities. Said invoices constitute the written contracts between Plaintiff and Defendants Howler and Ciao Bella.

13. Plaintiff has repeatedly demanded that Defendants pay the amounts due and owing under the invoices, totaling at least $15,070.05; however, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by said Defendants and no part of those sums due and owing has been paid.

14. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

15. As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the amount of at least $15,070.05 plus attorneys fees and 18% per year finance charges pursuant to the written invoices.

## III.

## SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA)

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a].

18. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

19. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom, and all after acquired assets.

20. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the total amount of at least $15,070.05 sold to Defendants, plus finance charges and attorney fees, all of which remains past due and unpaid.

21. Plaintiff is informed and believes for the reasons alleged above that all of the Defendants are statutory trustees under PACA. The PACA trust requires Defendants,

1  and each of them, to hold and preserve such goods, inventories, proceeds and receivables
2  in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff
3  is informed and believes and thereon alleges that Defendants have failed to maintain the
4  trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that
5  Defendant Howler is now insolvent, or is on the verge of insolvency, and the remaining
6  defendants fail and refuse to pay for the produce received and accepted, all in violation of
7  the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the
8  Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the
9  requirements of said statutory trust provisions, express and implied, and have breached
10 their fiduciary duties to maintain the trust assets, all in violation of the provisions of the
11 PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all
12 other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

13    22.   Plaintiff is informed and believes and upon that basis alleges that during
14 times relevant herein, Defendants transferred or diverted the trust assets, and are
15 continuing to so transfer or divert trust assets, namely receivables or proceeds derived
16 from the sale of produce purchased from Plaintiff to their own use and/or to an unknown
17 third party or parties in violation of their statutory duties under the PACA to preserve the
18 trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created
19 by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of
20 products derived from perishable agricultural commodities, and any receivables or
21 proceeds from the sale of such commodities or products that have been transferred to
22 secured or unsecured creditors.

23    23.   As a direct and proximate cause and result of the wrongful acts and
24 omissions of Defendants, Plaintiff has suffered the loss of at least $15,070.05 plus
25 attorneys fees and 18% per year finance charges pursuant to the written invoices, all of
26 which qualifies for protection under the PACA trust.

IV.

THIRD CAUSE OF ACTION

(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

24. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23, inclusive, of this complaint as though fully set forth herein.

25. Plaintiff has repeatedly demanded that Defendants pay the amounts due cumulatively totaling $15,070.05 for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499a, *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

26. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the loss of $15,070.05 in net produce sales proceeds plus attorneys fees and 18% per year finance charges pursuant to the written invoices, due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants.

V.

FOURTH CAUSE OF ACTION

(For Unjust Enrichment)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the amount of at least $15,070.05.

29. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

30. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff as assignee of Defendants, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $15,070.05 plus attorneys fees and 18% per year finance charges pursuant to the written invoices.

## VI.

## FIFTH CAUSE OF ACTION

### (For Constructive Trust)

31. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein..

32. At all times material herein, a confidential relationship existed between Plaintiff and Defendants in that Plaintiffs sold and shipped produce to Defendants and entrusted that produce to Defendants upon the assurance that Defendants would properly pay for said produce. However, despite receiving and reselling the produce, Defendants have not paid for it.

33. At all times material herein, Plaintiff believed implicitly in the integrity and truthfulness of Defendants, and reposed absolute trust and confidence to Defendants.

34. Plaintiff is informed and believes and thereon alleges that Defendants induced Plaintiff to sell perishable agricultural commodities to Plaintiff knowing that Defendant Howler was going to be closing its doors and would soon be out of business; knowing that Defendant Ciao Bella would take over Howler's operations but had no intention of paying for the produce received and accepted; knowing that Howler was not financially stable as falsely represented by Defendants; and knowing that Howler could not, and would not, pay for the produce ordered, received, and accepted, despite Howler and Stewart's promises that they would pay.

35. Plaintiff is informed and believes and thereon alleges that Defendants took such action and made such promises with the intent to induce Plaintiff to sell perishable

agricultural commodities to Defendants with no intention of paying for it, and thereby acquire and keep such property and the sales proceeds thereof for their own use.

36. Plaintiff is informed and believes and thereon alleges that at the time of such acts and promises by Defendants as alleged herein, Plaintiff was unaware of Defendants' secret intentions and therefore acted reasonably in relying on Defendants' acts and promises and that if Plaintiff had known of Defendants' secret intention not to perform, it would not have acted in reliance upon Defendants' promises.

37. By not paying for the produce entrusted to them by Plaintiff, Defendants have violated the confidential relationship between the parties. Furthermore, Defendants resold the produce and acquired PACA assets through violation of the confidential and fiduciary relationship between the parties in an amount of at least $15,070.05.

38. By virtue of Defendants' violation of the relationship of trust and confidence then existing between Plaintiff and Defendants, Defendants hold the amount of at least $15,070.05 plus attorneys fees and 18% per year finance charges pursuant to the written invoices, subject to proof as constructive trustees for Plaintiffs' benefit, and Plaintiffs have been damaged in the same amounts

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION
### (For Breach Of Contract)

1. For damages in the amount of $15,070.05;

2. For finance charges thereon at the rate of 18% per year from the date the obligation became due and payable to Plaintiff pursuant to the written agreement between the parties;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### (For Enforcement of Statutory Trust Provisions of PACA)

1. For damages in the amount of $15,070.05;

2. For finance charges thereon at the rate of 18% per year from the date the obligation became due and payable to Plaintiff pursuant to the written agreement between the parties;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

1. For damages in the amount of $15,070.05;

2. For finance charges thereon at the rate of 18% per year from the date the obligation became due and payable to Plaintiff pursuant to the written agreement between the parties;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION

### (For Unjust Enrichment)

1. For damages in the amount of $15,070.05;

2. For finance charges thereon at the rate of 18% per year from the date the obligation became due and payable to Plaintiff pursuant to the written agreement between the parties;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION

### (For Constructive Trust)

1. For damages in the amount of $15,070.05;

2. For finance charges thereon at the rate of 18% per year from the date the obligation became due and payable to Plaintiff pursuant to the written agreement between the parties;

3. For punitive damages in an amount to be established at the time of trial;

4. For reasonable attorney's fees and costs of suit incurred herein; and,

5. For such other and further relief as the Court deems just and proper.

DATED: May 31, 2007                    RYNN & JANOWSKY, LLP

By: _____
BART M. BOTTA, Attorneys for
BROERS FARMS, INC.

## JURY DEMAND

Plaintiff BROERS FARMS, INC. hereby demands a jury trial in this matter.

DATED: May 31, 2007                    RYNN & JANOWSKY, LLP

By: _____
BART M. BOTTA, Attorneys for
BROERS FARMS, INC.