JOHN R. CAPRON,  State Bar No. 141971
LAW OFFICES OF JOHN R. CAPRON
400 Montgomery Street, Ste. 200
San Francisco, CA  94104
Phone: (415) 693-9901
Facsimile: (415) 693-0402
capron@pacbell.net

Attorney for Defendant
CIAO BELLA GELATO CO., INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROERS FARMS, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>HOWLER PRODUCTS, a California corporation; CIAO BELLA GELATO CO., INC., a New Jersey Corporation; DOUGLAS IAN STEWART, an individual,<br><br>     Defendants. | CASE NO.  C 07 2865 PJH<br><br>DEFENDANT CIAO BELLA GELATO CO., INC.'S ANSWER TO COMPLAINT OF PLAINTIFF BROERS FARMS, INC.; CROSS-CLAIM AGAINST DEFENDANTS HOWLER PRODUCTS, INC. AND DOUGLAS IAN STEWART; CERTIFICATE OF SERVICE |
| CIAO BELLA GELATO CO., INC., a New Jersey corporation,<br><br>     Cross-Claimant,<br><br>     v.<br><br>HOWLER PRODUCTS, INC., a California corporation; and DOUGLAS IAN STEWART, an individual,<br><br>     Cross-Defendants. | |

## DEFENDANT CIAO BELLA GELATO CO., INC.'S ANSWER TO COMPLAINT OF PLAINTIFF BROERS FARMS, INC.

Defendant Ciao Bella Gelato Co., Inc. ("Ciao Bella") answers Plaintiff Broers Farms, Inc.'s Complaint as follows:

### First Defense

#### (Admissions and Denials)

#### I.

#### JURISDICTION AND VENUE

1.      In response to the allegations contained in paragraph 1 of the Complaint, Ciao Bella admits that this court has jurisdiction over this case, and that venue is proper.

2.      Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      In response to the allegations contained in paragraph 4 of the Complaint, Ciao Bella admits that it is a corporation having its principal place of business in the City of Irvington, State of New Jersey, and that it also does business in the City and County of San Francisco, State of California.

5.      Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

#### II.

#### FIRST CAUSE OF ACTION

#### (Breach of Contract)

7.      In response to paragraph 7 of the Complaint, Ciao Bella repeats, reavers and realleges paragraphs 1 through 6 of this Answer, and incorporates them herein by this reference.

8.     In response to paragraph 8 of the Complaint, Ciao Bella admits that at all times relevant herein, it has been engaged in the manufacture and distribution of frozen dessert products.  Ciao Bella is without knowledge or information sufficient to form a legal opinion as to the extent that such activities may be subject to the provisions of the Perishable Agricultural Commodities Act of 1930, as amended ("PACA").

9.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Ciao Bella denies the allegations contained in the first paragraph of paragraph 10 of the Complaint.

10A.   Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10A of the Complaint.  In response to the second and third sentences of paragraph 10A of the Complaint, Ciao Bella admits that (i) on or about February 17, 2004, it entered into a Commercial Lease with Crociani Construction Co., Inc., as lessor, for the premises commonly known as 2211 Quesada Avenue, San Francisco, CA 94124 (the "Premises"), and that, pursuant to said Lease, it began occupying the Premises on or about March 1, 2004, and (ii) after occupying the Premises pursuant to said Lease, it advertised that the Premises was one of its production facilities able to ship both "Howler" brand and "Ciao Bella" brand products to its customers, and listed the Premises as one of the three corporate offices where Ciao Bella customers may direct inquiries.  Except as expressly admitted herein, Ciao Bella denies all allegations contained in the second and third sentences of paragraph 10A of the Complaint.

10B.   In response to the allegations contained in paragraph 10B of the Complaint, Ciao Bella admits that at one time there was a copy of a Press Release on its website reporting that it had acquired the food service business of its former competitor, Howler, and that said Press Release quoted an officer as saying "Now we can distribute our product and theirs – we had been competitors for the past six years, and now we've decided it made more sense to get together."  Said Press Release was drafted by Ciao Bella's public relations

personnel who had unintentionally mischaracterized the nature of the transactions between Ciao Bella and Howler.  In fact, Ciao Bella and Howler had entered into (a) a Manufacturing Agreement dated October 1, 2002, pursuant to which Howler agreed to sell to Ciao Bella, and Ciao Bella agreed to purchase from Howler, from time to time, certain frozen dessert products including gelato and sorbet; and (b) License Agreements dated October 1, 2002, pursuant to which Howler licensed to Ciao Bella the right to use, *inter alia*, the trade names "Howler" and "Perche No" solely to manufacture and sell frozen dessert products.  The Press Release referred to herein had been drafted by non-lawyers unfamiliar with the details of the transactions between Ciao Bella and Howler.  In fact, no assets have been transferred by Howler to Ciao Bella other than products sold in the ordinary course of business for fair value and without notice of any defect in title.  Ciao Bella did not acquire Howler's business, not did it assume any of Howler's liabilities.

10C.   In response to the allegations contained in paragraph 10C of the Complaint, Ciao Bella admits having advertised on its website that it was the exclusive distributor of "Howler" brand frozen dessert products, and that it acquired licensing rights in 2002 to the "Howler" brand name and to certain recipes created by Howler Products.  Except as expressly admitted herein, Ciao Bella denies the allegations contained in paragraph 10C of the Complaint.

10D.   Ciao Bella denies the allegations contained in paragraph 10D of the Complaint.

11.   Ciao Bella denies the allegations contained in paragraph 11 of the Complaint.

12.   Ciao Bella denies the allegations contained in paragraph 12 of the Complaint.

13.   Ciao Bella admits having received a letter dated October 27, 2004 from Bart M. Botta, in his capacity as Plaintiff's attorney, demanding payment for goods allegedly purchased by Howler Products ("Howler").  Ciao Bella denies having purchased any goods from Plaintiff, or having any liability to Plaintiff.  Except to the extent expressly admitted or denied herein, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, Ciao Bella denies having any liability to Plaintiff.  Ciao Bella is without knowledge or information sufficient to form a belief as to whether or not Plaintiff has suffered any losses as a result of any act or omission by Defendants Howler or Douglas Ian Stewart (collectively the "Howler Defendants").

### III.

### SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA)

16.     In response to paragraph 16 of the Complaint, Ciao Bella repeats, reavers and realleges paragraphs 1 through 15 of this Answer, and incorporates them herein by this reference.

17.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     In response to paragraph 19 of the Complaint, Ciao Bella denies purchasing any produce from Plaintiff or being subject to any statutory trust benefiting Plaintiff.  Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Ciao Bella denies that it is a statutory trustee of any trust benefiting Plaintiff, that it has any obligation to Plaintiff under PACA, or that it has failed to perform any obligation running to Plaintiff.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

22.    In response to paragraph 22 of the Complaint, Ciao Bella denies that it is a statutory trustee of any trust benefiting Plaintiff, that it has any obligation to Plaintiff under PACA, or that it has failed to perform any obligation running to Plaintiff.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

23.    In response to paragraph 23 of the Complaint, Ciao Bella denies having any liability to Plaintiff.  Ciao Bella is without knowledge or information sufficient to form a belief as to whether or not Plaintiff has suffered any losses as a result of any act or omission by the Howler Defendants.

## IV.

## THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:  Failure to Account and Pay Promptly)**

24.    In response to paragraph 24 of the Complaint, Ciao Bella repeats, reavers and realleges paragraphs 1 through 23 of this Answer, and incorporates them herein by this reference.

25.    In response to paragraph 25 of the Complaint, Ciao Bella admits having received a letter dated October 27, 2004 from Bart M. Botta, in his capacity as Plaintiff's attorney, demanding payment for goods allegedly purchased by Howler.  Ciao Bella denies having purchased any goods from Plaintiff, or having any liability to Plaintiff under PACA, including but not limited to any obligations to make payments or provide accountings.  Ciao Bella denies having diverted any PACA trust assets benefiting Plaintiff.  Except to the extent expressly admitted or denied herein, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.    In response to paragraph 26 of the Complaint, Ciao Bella denies having any liability to Plaintiff.  Ciao Bella is without knowledge or information sufficient to form a

belief as to whether or not Plaintiff has suffered any losses as a result of any act or omission by the Howler Defendants.

## V.

### FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

27.     In response to paragraph 27 of the Complaint, Ciao Bella repeats, reavers and realleges paragraphs 1 through 26 of this Answer, and incorporates them herein by this reference.

28.     In response to paragraph 28 of the Complaint, Ciao Bella denies having received or converted any goods from Plaintiff.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

29.     In response to paragraph 29 of the Complaint, Ciao Bella denies having received or converted any goods from Plaintiff, or having been unjustly enriched to the detriment of Plaintiff.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

30.     In response to paragraph 30 of the Complaint, Ciao Bella denies having any liability to Plaintiff.  Ciao Bella is without knowledge or information sufficient to form a belief as to whether or not Plaintiff has suffered any losses as a result of any act or omission by the Howler Defendants.

## VI.

### FIFTH CAUSE OF ACTION

### (For Constructive Trust)

31.     In response to paragraph 31 of the Complaint, Ciao Bella repeats, reavers and realleges paragraphs 1 through 30 of this Answer, and incorporates them herein by this reference.

32.     In response to paragraph 32 of the Complaint, Ciao Bella denies that it has any confidential relationship with Plaintiff, that Plaintiff sold or shipped produce to Ciao Bella, or that Ciao Bella has any obligations running to Plaintiff.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

33.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Ciao Bella denies the allegations contained in paragraph 34 of the Complaint.

35.     Ciao Bella denies the allegations contained in paragraph 35 of the Complaint to the extent that they allege any knowledge, intent, act or omission of Ciao Bella.  Ciao Bella is without knowledge or information sufficient to form a belief as to any knowledge, intent, act or omission of the Howler Defendants.

36.     Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     In response to paragraph 37 of the Complaint, Ciao Bella denies having received any goods from Plaintiff, having violated any confidential relationship with Plaintiff, or having any liability to Plaintiff.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

38.     In response to paragraph 38 of the Complaint, Ciao Bella denies having violated any relationship of trust or confidence with Plaintiff, or having any liability to Plaintiff, as a constructive trustee or otherwise.  As for Plaintiff's allegations against the Howler Defendants, Ciao Bella is without knowledge or information sufficient to form a belief as to the truth of these allegations.

## Second Defense

### (Failure to State a Claim)

39.     The Complaint fails to state a claim against Ciao Bella upon which relief may be granted.

### Third Defense

**(Statute of Limitations)**

40.    Ciao Bella reserves the right to assert defenses based upon applicable statutes of limitations and restrictions.

### Fourth Defense

**(Proximate Cause)**

41.    Ciao Bella did not proximately cause or contribute to Plaintiff's alleged injuries or damages.

### Fifth Defense

**(Good Faith)**

42.    Ciao Bella acted at all times in good faith and without malice.

### Sixth Defense

**(Waiver)**

43.    Plaintiff has waived part or all of its claims as stated in the Complaint.

### Seventh Defense

**(Estoppel)**

44.    Plaintiff is estopped from asserting its claims because of Plaintiff's own conduct in regard to the matters alleged in the Complaint including, without limitation, Plaintiff's failure to preserve its rights under the Perishable Agricultural Commodities Act ("PACA") or to first exhaust its administrative remedies set forth therein.

### Eighth Defense

**(Mitigation of Damages)**

45.    Ciao Bella reserves the right to assert as a defense Plaintiff's failure to mitigate damages.

### Ninth Defense

**(Unclean Hands)**

46.    Plaintiff should be denied any equitable relief herein on the ground of unclean hands.

**Tenth Defense**

**(Laches)**

47.    Plaintiff should be denied any equitable relief herein on the ground of laches.

**Eleventh Defense**

**(Bona Fide Purchaser)**

48.    Plaintiff should be denied any relief herein on the ground that Ciao Bella purchased products from Howler for value without any notice of any defects in the title of seller.

**Eleventh Defense**

**(Reservation of Additional Defenses)**

49.    Based on the allegations in the Complaint, Ciao Bella cannot formulate all of its defenses at this time and reserves the right to amend its answer to include additional affirmative defenses if and when further investigation and/or discovery justifies same.

WHEREFORE, Ciao Bella prays as follows:

A.    That Plaintiff takes nothing by way of the Complaint herein;

B.    That the Complaint be dismissed with prejudice as against Ciao Bella;

C.    For attorneys' fees and costs of suite incurred in the defense of the Complaint; and

D.    For such other and further relief as the Court may deem appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT CIAO BELLA GELATO CO., INC.'S CROSS-CLAIM AGAINST DEFENDANTS HOWLER PRODUCTS, INC. AND DOUGLAS IAN STEWART

Defendant Ciao Bella Gelato Co., Inc. ("Ciao Bella"), by way of Cross-Claim against Defendants Howler Products, Inc. and Douglas Ian Stewart (hereinafter the "Howler Defendants"), alleges as follows:

1.    Ciao Bella repeats, reavers and realleges paragraphs 1 through 49 of the Answer set forth above, and incorporates them herein by this reference.

2.    Ciao Bella is now and all times material herein was a corporation organized and doing business under the laws of the State of New Jersey.

3.    Ciao Bella is informed and believes and thereon alleges that Defendant HOWLER PRODUCTS, INC. ("Howler") is a corporation having its principal place of business located in the City and County of San Francisco, State of California.

4.    Ciao Bella is informed and believes and thereon alleges that Defendant DOUGLAS IAN STEWART ("Stewart") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant Howler.

### I.

### CROSS-CLAIM FOR EXPRESS CONTRACTUAL INDEMNITY

5.    Ciao Bella repeats, reavers and realleges paragraphs 1 through 49 of the Answer set forth above, and incorporates them herein by this reference, and repeats, reavers and realleges paragraphs 1 through 4 of this Cross-Claim, and incorporates them herein by this reference.

6.    On or about October 1st, 2002, Ciao Bella and Defendant Howler entered into a Manufacturing Agreement ("Manufacturing Agreement"), pursuant to which Howler agreed to sell to Ciao Bella, from time to time pursuant to orders made by Ciao Bella, premium frozen dessert products including gelato and sorbet (hereinafter "Dessert Products").

7.    Pursuant to the Manufacturing Agreement, Ciao Bella purchased Dessert Products from Howler from approximately October 1, 2002 through November, 2003.

8.      Pursuant to Section 3.1 of the Manufacturing Agreement, Howler warranted to Ciao Bella, <u>inter alia</u>, that the Dessert Products would comply with all applicable laws, rules and regulations in the United States of America.  Pursuant to Section 3.2 of the Manufacturing Agreement, Howler agreed to indemnify Ciao Bella against any liability and to hold Ciao Bella harmless from any loss, damage, cost and expense (including, without limitation, legal fees and disbursements, court costs and the cost of appellate proceedings) incurred by Ciao Bella arising out of or in connection with any third party claim alleging facts that would constitute a breach by Howler of any of its warranties under Section 3.1 or because of a breach by Howler of any such warranties.

9.      Based on the allegations made by Plaintiff in its Complaint, Ciao Bella is informed and believes and thereon alleges that certain Dessert Products purchased by Ciao Bella from Howler may have contained ingredients that Howler obtained from Plaintiff in violation of the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"), and in violation of applicable state law, thereby violating Section 3.1 of the Manufacturing Agreement in that they failed to comply with all applicable laws, rules and regulations in the United States of America.

10.      Ciao Bella has performed all conditions, covenants and obligations required to be performed by it under the Manufacturing Agreement.

11.      Ciao Bella is informed and believes and thereon alleges that it has been named as a defendant in this lawsuit based on facts alleged by Plaintiff that would constitute a breach by Howler of its warranties under Section 3.1 of the Manufacturing Agreement. Pursuant to Section 3.2 of the Manufacturing Agreement, Howler is therefore required to indemnify, defend and hold Ciao Bella harmless from and against any cost, damage, cost and expense (including, without limitation, legal fees and disbursements, court costs and the cost of appellate proceedings) incurred by Ciao Bella in connection with this action.

## II.

## CROSS-CLAIM FOR EQUITABLE INDEMNITY

12.    Ciao Bella repeats, reavers and realleges paragraphs 1 through 49 of the Answer set forth above, and incorporates them herein by this reference, and repeats, reavers and realleges paragraphs 1 through 11 of this Cross-Claim, and incorporates them herein by this reference.

13.    At all times relevant to this action, Ciao Bella has acted in good faith, without fault, and without knowledge of any acts or omissions made by the Howler Defendants to Plaintiff's detriment.

14.    Based on principles of equity and fairness, the Howler Defendants are required to indemnify, defend and hold Ciao Bella harmless from and against any cost, damage, cost and expense (including, without limitation, legal fees and disbursements, court costs and the cost of appellate proceedings) incurred by Ciao Bella in connection with this action.

## III.

### CROSS-CLAIM FOR CONTRIBUTION

15.    Ciao Bella repeats, reavers and realleges paragraphs 1 through 49 of the Answer set forth above, and incorporates them herein by this reference, and repeats, reavers and realleges paragraphs 1 through 14 of this Cross-Claim, and incorporates them herein by this reference.

16.    Even though Ciao Bella has been joined as a Defendant in this action, the acts and omissions alleged by Plaintiff are attributed primarily to the Howler Defendants, and only secondarily to Ciao Bella based on theories of successor liability.  The Howler Defendants are therefore responsible for 100% of any and all damages awarded to Plaintiff in this action.

WHEREFORE, Ciao Bella prays as follows:

a)  That the Howler Defendants pay all costs and expense (including, without limitation, legal fees and disbursements, court costs and the cost of appellate proceedings) incurred by Ciao Bella in connection with this action;

b)  That the Howler Defendants pay 100% of any and all damages awarded to
Plaintiff in this action; and

c)  For such other and further relief as the Court may deem appropriate.

DATED: October 4th, 2007          LAW OFFICES OF JOHN R. CAPRON

By: _____
    JOHN R. CAPRON
    Attorney for CIAO BELLA GELATO
    CO., INC.

1    JOHN R. CAPRON,  State Bar No. 141971
2    LAW OFFICES OF JOHN R. CAPRON
     400 Montgomery Street, Ste. 200
3    San Francisco, CA  94104
     Phone: (415) 693-9901
4    Facsimile: (415) 693-0402
     capron@pacbell.net
5
     Attorney for Defendant
6    CIAO BELLA GELATO CO., INC.

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12   BROERS FARMS, INC., a Washington          | CASE NO.  C 07 2865 PJH
     corporation,
13
              Plaintiff,
14
              v.                                | **CERTIFICATE OF SERVICE**
15
     HOWLER PRODUCTS, a California corporation; | [DEFENDANT CIAO BELLA GELATO
16   CIAO BELLA GELATO CO., INC., a New         | CO., INC.'S ANSWER TO
     Jersey Corporation; DOUGLAS IAN STEWART,   | COMPLAINT OF PLAINTIFF BROER'S
17   an individual,                             | FARMS, INC.; CROSS-CLAIM
                                                | AGAINST DEFENDANTS HOWLER
18            Defendants.                        | PRODUCTS, INC. AND DOUGLAS
19   CIAO BELLA GELATO CO., INC., a New         | IAN STEWART]
     Jersey corporation,
20
              Cross-Claimant,
21
              v.
22
     HOWLER PRODUCTS, INC., a California
23   corporation; and DOUGLAS IAN STEWART, an
     individual,
24
25            Cross-Defendants.

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the following document --
DEFENDANT CIAO BELLA GELATO CO., INC.'S ANSWER TO COMPLAINT OF
PLAINTIFF BROER'S FARMS, INC.; CROSS-CLAIM AGAINST DEFENDANTS
HOWLER PRODUCTS, INC. AND DOUGLAS IAN STEWART -- was duly served upon
the parties identified below at their last known mailing address by placing the same in the
United States mail, first class, postage prepaid, on the date set forth below.

Howler Products, Inc.
c/o Douglas Ian Stewart
11001 Highway 128
Boonville, CA 95415-9118

Douglas Ian Stewart
11001 Highway 128
Boonville, CA 95415-9118

I hereby certify that a true and correct copy of the following document --
DEFENDANT CIAO BELLA GELATO CO., INC.'S ANSWER TO COMPLAINT OF
PLAINTIFF BROER'S FARMS, INC.; CROSS-CLAIM AGAINST DEFENDANTS
HOWLER PRODUCTS, INC. AND DOUGLAS IAN STEWART -- was duly served
electronically upon BART M. BOTTA, ESQ. by transmitting a PDF file of said document
to the email address bart@rjlaw.com on the date set forth below.

DATED: October 4th, 2007

_____
JOHN R. CAPRON
Attorney for CIAO BELLA GELATO
CO., INC.