BART M. BOTTA, State Bar No. 167051
MARION I. QUESENBERY, State Bar No. 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
bart@rjlaw.com

Attorneys for Plaintiff
BROERS FARMS, INC.

JOHN R. CAPRON, State Bar No. 141971
LAW OFFICES OF JOHN R. CAPRON
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 693-9901
capron@pacbell.net

Attorneys for Defendant
CIAO BELLA GELATO CO., INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROERS FARMS, INC., a Washington corporation,<br><br>        Plaintiff,<br><br> v.<br><br>HOWLER PRODUCTS, a California corporation; CIAO BELLA GELATO CO., INC., a New Jersey Corporation; DOUGLAS IAN STEWART, an individual,<br><br>        Defendants.| CASE NO. C07-02865-PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| CIAO BELLA GELATO CO., INC., a New Jersey corporation,<br>        Cross-Claimant,<br> v. | |

JOINT STATUS REPORT – Case No. C07-02865-PJH – Page 1

HOWLER PRODUCTS, INC., a California corporation; and DOUGLAS IAN STEWART, an individual,

                Cross-Defendants.

Pursuant to the August 31, 2007 Clerk's Notice (Scheduling Status Conference), Plaintiff Broers Farms, Inc. ("Plaintiff" or "Broers Farms") and Defendant and Cross-Claimant Ciao Bella Gelato Co. Inc. ("Ciao Bella" or "Cross-Claimant") hereby submit this Joint Case Management Conference Statement (Status Report) and Proposed Order and respectfully request the Court to adopt it as its Case Management Order in this Case. Defendants, Howler Products, a California Corporation ("Howler"), and Douglas Ian Stewart, an individual ("Stewart") have not responded to Plaintiff's Complaint, and therefore, Plaintiff and Cross-Claimant will each be filing a request for the clerk to enter default; consequently, Howler and Stewart have not joined in this Joint Statement.

**1.**     **Jurisdiction and Service:**

The parties agree that the Court's jurisdiction is proper pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"). There are no issues regarding personal jurisdiction or venue. All parties have been served.

**2.**     **Facts:**

Plaintiff alleges that in or about June 3, 2003 through October 15, 2003, Plaintiff Broers Farms sold and shipped perishable agricultural commodities (organic blackberries) from the State of Washington to Defendant Howler Products, a California corporation ("Howler"); Howler agreed to pay $15,070.05 for these organic blackberries. As Plaintiff Broers Farms' invoices state, Howler agreed to pay Plaintiff Miller for these organic blackberries within 30 days; however, it has not done so, and it is no longer in

business and has no assets. Plaintiff alleges that it has complied with all notice requirements under PACA. Having not seen proof of such compliance, Ciao Bella disputes this allegation. Defendant Douglas Ian Stewart was majority owner and managing partner of Howler Products and controlled its day-to-day operations and finances. Defendant Ciao Bella may possibly have received PACA trust assets, although it disputes this contention by Plaintiff. Even if Ciao Bella did receive PACA assets, Ciao Bella contends that it was a *bona fide* purchaser and therefore not liable under PACA.

**3.     Legal Issues:**

A.     Is Defendant Stewart personally liable for the debt owed to Plaintiff under the PACA? Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1977)("An individual who is in a position to control the [PACA] assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act . . . [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of the corporation, who uses the trust assets for any purpose other than repayment of the supplier.").

B.     Did Plaintiff take the required statutory steps to properly create a PACA trust?

C.     Is Defendant Ciao Bella liable for the debt owed to Plaintiff based on the theory that PACA trust assets were commingled with Ciao Bella's assets and/or transferred to Ciao Bella, and that Ciao Bella was not a *bona fide* purchaser of these assets?

D.     Are all Defendants liable for the debt to Plaintiff based on an "alter ego" theory?

**4.     Motions:**

No motions have been filed in this case; however, Plaintiff and Cross-Claimant intend to file a Motion for Default Judgment against Defendants Howler Products and Douglas Ian Stewart.

**5.     Amendment of Pleadings:**

The parties do not anticipate amending their pleading, but request that the deadline for doing so be set December 21, 2007.

**6.     Evidence Preservation:**

Plaintiff believes it has preserved all evidence relevant to this action and do not have a document-destruction program that would result in the erasures of e-mails, voice mails, and other electronically-recorded materials.

**7.     Disclosures:**

The parties propose that initial disclosures, as required by Fed. R. Civ. P. 26 be made no later than November 30, 2007.

**8.     Discovery:**

Other than informal discovery, none has been taken to date. The parties request that they be permitted full discovery, as allowed by the Federal Rules of Civil Procedure, commencing on or after November 30, 2007 (the deadline proposed for initial disclosures). The parties propose the following discovery plan:

| | |
|---|---|
| Fact Discovery Cut-Off | April 20, 2008 |
| Initial Expert Disclosures | March 7, 2008 |
| Rebuttal Expert Disclosures | March 21, 2008 |
| Expert Discovery Cut-off | May 11, 2008 |

JOINT STATUS REPORT – Case No. C07-02865-PJH – Page 4

**9.    Class Action:**

Not applicable.

**10.    Related Cases:**

Plaintiffs are not aware of any related cases.

**11.    Relief:**

Plaintiff Broers Farms seeks payment by Defendants of $15,070.05 (for the organic blackberries purchased by Howler Products), plus prejudgment and post-judgment finance charges at the contract rate of 18% per year.

**12.    Settlement and ADR:**

The parties have filed the required ADR certification and have requested a telephonic conference call in order to select an ADR Process.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties consent to a have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References:**

This matter is not suitable for other reference.

**15.    Narrowing of Issues:**

Given the nature of this action, the issues are already narrow, and – after further discovery and discussion – the parties should be able to stipulate to many of the facts. Bifurcation is not necessary.

**16.    Expedited Schedule.**

The parties do not request an expedited schedule.

**17.** <u>**Scheduling:**</u>

The parties propose the following scheduling deadlines:

| | |
|---|---|
| Fact Discovery Cut-Off | April 20, 2008 |
| Initial Expert Disclosures | March 7, 2008 |
| Rebuttal Expert Disclosures | March 21, 2008 |
| Expert Discovery Cut-off | May 11, 2008 |
| Hearing of Dispositive Motions | May 23, 2008 |
| Pretrial Conference | June 13, 2008 |
| Trial | June 20, 2008 |

/ / /

/ / /

/ / /

JOINT STATUS REPORT – Case No. C07-02865-PJH – Page 6

**18. <u>Trial</u>:**

The parties request a court trial and anticipate that it will last one day.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>:**

Plaintiff filed its disclosure of interested parties on June 1, 2007.

**20. <u>Other Matters</u>:**

None.

Date: November 1, 2007							RYNN & JANOWSKY, LLP

							By:	/s/ Bart M. Botta
								Bart M. Botta
								Attorneys for Plaintiff Broers Farms, Inc.

Date:  November 1, 2007						LAW OFFICES OF JOHN R. CAPRON

							By:	/s/ John R. Capron
								John R. Capron
								Attorneys for Defendant Ciao Bella
								Gelato Co. Inc.

**CASE MANAGEMENT ORDER**

The Case Management Statement above is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____
United States District Judge