BART M. BOTTA, State Bar No. 167051
MARION I. QUESENBERY, State Bar No. 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
bart@rjlaw.com

Attorneys for Plaintiff BROERS FARMS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| BROERS FARMS, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>HOWLER PRODUCTS, a California corporation; CIAO BELLA GELATO CO., INC., a New Jersey Corporation; DOUGLAS IAN STEWART, an individual,<br><br>            Defendants. | CASE NO. C-07-02865-EDL<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT DOUGLAS IAN STEWART; [PROPOSED] ORDER THEREON** |
| CIAO BELLA GELATO CO., INC., a New Jersey corporation,<br><br>            Cross-Claimant,<br><br>     v.<br><br>HOWLER PRODUCTS, INC., a California corporation; and DOUGLAS IAN STEWART, an individual,<br><br>            Cross-Defendants. | |

STIPULATION – C-07-02865-EDL         1

Plaintiff BROERS FARMS, INC. ("Broers"), Defendant DOUGLAS IAN STEWART ("Stewart"), and Defendants and Cross-Claimant CIAO BELLA GELATO CO., INC. ("Ciao"), hereby stipulate as follows:

WHEREAS, Broers alleges that between on or about June 3, 2003 through October 15, 2003, in a series of transactions, it sold and shipped perishable agricultural commodities to Defendants HOWLER PRODUCTS ("Howler") and Stewart, at said Defendants' request, for which said Defendants agreed to pay Broers in amounts at least as great as the sum of $15,070.05 plus finance charges at the rate of 1.5% per month pursuant to the written invoices.

WHEREAS, Broers alleges that in addition to Howler and Stewart being liable for said debt, Ciao is also liable based on alter ego theory and the assertion that Ciao may have received assets subject to Broers' purported trust claim under the Perishable Agricultural Commodities Act, 7 U.S.C. §499e, et seq. ("PACA").

WHEREAS, Ciao denies that it is liable, but asserts that even if it were to be found liable, Stewart and/or Howler would be obligated to indemnify Ciao for any such liability.

WHEREAS, Stewart and Broers wish to compromise and resolve this matter by agreement and stipulation for entry of judgment whereby Stewart shall pay to Broers the agreed upon total amount of $14,994.66, via installment payments in the amounts and at the times stated below.

WHEREAS, in exchange for Stewart's promises to make payments as set forth herein and for Broers' agreement to stipulate to entry of judgment under the terms stated herein, Broers agrees to forebear from further prosecuting this lawsuit against all Defendants, and Broers further agrees to dismiss the present lawsuit as set forth below, without prejudice as to Stewart and Howler to reopen in the event of Stewart's default under the terms of this Stipulations as set forth herein.

STIPULATION – C-07-02865-EDL       2

1  NOW THEREFORE, in consideration of the foregoing, the parties hereby
2  stipulate as follows:

3  1. Each of the above recitals is hereby incorporated herein as though fully set
4  forth.

5  2. Upon execution of this Stipulation, Broers shall dismiss this action against
6  Ciao with prejudice, and Ciao and Broers shall enter into a mutual general release of all
7  claims.

8  3. Broers alleges that Defendant Howler purchased perishable agricultural
9  commodities from June 3, 2003 through October 15, 2003, in a series of transactions, for
10 which said Defendant agreed to pay Broers in amounts at least as great as the sum of
11 $15,070.05 plus finance charges at the rate of 1.5% per month pursuant to the written
12 invoices, which currently total in excess of $10,000, and that these amounts remain past
13 due and immediately payable from Howler and Stewart to Broers.

14 4. Defendant Stewart agrees to pay Broers, and Broers agrees to accept total
15 combined payment of $14,994.66 as payment in full of all monies owed by Defendants
16 Howler, Stewart, and/or Ciao to Plaintiff Broers for the transactions which are the subject
17 of this lawsuit.

18 5. The balance due to Plaintiff as set forth above shall be paid as follows:
19 The balance due shall be paid by six (6) equal monthly payments in the amount of two
20 thousand, four hundred ninety-nine dollars and eleven cents ($2,499.11), starting on
21 December 15, 2007 and continuing on the 15th of each month thereafter for a total of six
22 (6) consecutive months (i.e., December 15, 2007, January 15, 2008, February 15, 2008,
23 March 15, 2008, April 15, 2008, and May 15, 2008). The total amount to be paid through
24 this entire repayment period shall be $14,994.66, and Defendant Stewart may prepay all
25 or any additional portion of the amount due hereunder without penalty.

26 6. All payments described in paragraph 5 above, shall be made by <u>cash,
27 money order, or check</u>, made payable to "Rynn & Janowsky Client Trust Account" and
28 delivered to the following address for *receipt* in such office by 5:00 p.m. on the dates

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

designated hereinabove. The payments are to be received at the following address: Bart M. Botta, Rynn & Janowsky, 4100 Newport Place Drive, Suite 700, Newport Beach, CA 92660. In the event the 15th day of any of the months when a payment is due is a Saturday, Sunday, or federal holiday, the monthly payment will be due on the next business day after said Saturday, Sunday, or federal holiday.

7. In the event that Defendant Stewart fails to remit any payment when due hereunder, Plaintiff shall give notice to Defendant Stewart that such performance is delinquent. Notice of said delinquency will be deemed given by Plaintiff to Defendant Stewart upon providing written notice via e-mail to Stewart at doug@breggo.com, or at any other e-mail address or facsimile number as Stewart may notify Plaintiff's attorney in writing. In the event the above-listed e-mail and/or fax number is not working when Plaintiff attempts to give notice and Defendant Stewart has failed to notify Plaintiff's attorney of another e-mail or number, the notice requirements hereunder shall be satisfied. Defendant Stewart shall then have five (5) business days from such notification within which to cure said delinquency by providing payment for receipt by Plaintiff of the full amount then past due under the terms of this Stipulation. In the event Defendant Stewart fails to cure said delinquency within this five (5) business day period, Defendant Stewart shall be in default of this stipulation.

8. Upon Stewart's default of this Stipulation, Plaintiff shall be entitled to immediately obtain a judgment, on an *ex parte* basis, without any additional notice to Defendant Stewart, in the U.S. District Court for the Northern District of California against Defendant Stewart. Said judgment shall be in the full principal amount due as alleged herein plus all accrued finance charges under the invoices, and costs and fees as set forth herein, less any payments received prior to default. Defendant Stewart agrees that said judgment may be based solely on this stipulation for entry of judgment and the declaration of Plaintiff's attorney confirming that Defendant Stewart has defaulted on the terms of this Stipulation and has failed to cure said default in the manner and at the times set forth herein.

9.  So long as Defendant Stewart makes all payments in the manner and at the times specified herein, Plaintiff agrees to forbear from enforcing its PACA trust rights or further prosecuting this lawsuit against any of the Defendant herein.

10. Nothing in this Stipulation shall be deemed to be a waiver of any rights Plaintiff may have under the PACA, including, but not limited to, its PACA trust rights.

11. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

12. In the event any provision of this Stipulation is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

13. This Stipulation shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of California.

14. Defendant Stewart acknowledges that by signing this Stipulation, he is giving up his right to a jury trial in connection with the allegations contained in Plaintiff's complaint filed herein and any subsequent complaint which may be filed by Plaintiff to enforce either this Stipulation or any other rights which are the subject of this Stipulation.

15. Defendants acknowledge being given the opportunity to discuss this Stipulation with their own attorney and have availed themselves of that opportunity to the extent they wish to do so.

16. The parties further agree that during the repayment period as provided for herein, this lawsuit shall be dismissed in its entirety with prejudice as to Ciao, and without prejudice as to the other defendants to reopen in order to enter judgment should Defendant Stewart default under the terms of this Stipulation.

17. All persons who sign this agreement on behalf of a corporation represent and warrant that such persons have the authority to execute this stipulation on behalf of the corporation and that by doing so has bound the corporation to the terms of the

1 stipulation. Said persons also represent that additional steps necessary to bind the
2 corporation shall be promptly taken if necessary.
3    18.   The parties agree that the U.S. District Court for the Northern District of
4 California shall nevertheless retain exclusive jurisdiction over the parties and subject
5 matter herein to reinstate said action in order to enforce or interpret the provisions of this
6 Stipulation and/or to enter judgment in the event Defendant Stewart defaults under the
7 terms of this Stipulation.

IT IS SO STIPULATED:

DATED:   December ____, 2007      DOUGLAS IAN STEWART


                                  By: _____
                                      DOUGLAS IAN STEWART, Individually

DATED:   December ____, 2007      BROERS FARMS, INC.


                                  By: _____
                                      Name: _____
                                      Title: _____

DATED:   December ____, 2007      CIAO BELLA GELATO CO., INC.


                                  By: _____
                                      Name: _____
                                      Title: _____

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

**[SIGNATURES CONTINUED]**

Approved as to form and content.

DATED:      December ____, 2007      RYNN & JANOWSKY, LLP

                                     By:  _____
                                     BART M. BOTTA, Attorneys for BROERS FARMS, INC.

DATED:      December ____, 2007      LAW OFFICE OF JOHN R. CAPRON

                                     By:  _____
                                     JOHN R. CAPRON, Attorneys for CIAO BELLA GELATO CO., INC.

STIPULATION – C-07-02865-EDL      7

## **ORDER**

Having read the above Stipulation for entry of judgment and good cause appearing therefor,

IT IS HEREBY ORDERED that said Stipulation be filed and that this lawsuit be dismissed in its entirety with prejudice as to Defendant Ciao Bella Gelato Co., Inc., and without prejudice as to all other defendants, subject to further notification by Plaintiff's counsel requesting entry of judgment against Defendant Douglas Ian Stewart in the event of said Defendant's default under said Stipulation.

SO ORDERED.

DATED:_____                    _____
                                    ELIZABETH D. LAPORTE
                                    United States Magistrate Judge